UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MELVIN PEREZ,

    Petitioner,

v.                                                           CASE NO. 6:06-cv-604-Orl-19DAB

JAMES R. MCDONOUGH, et al.,

    Respondents.

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Respondents filed a response to the petition in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 6). Petitioner filed a reply to the response (Doc. No. 8).

*Procedural History*

Petitioner was charged by indictment with one count of murder in the first degree. Pursuant to a plea agreement, he entered a plea of guilty to the lesser included offense of murder in the second degree. In accordance with the plea agreement, Petitioner was sentenced to a twenty-five year term of imprisonment. On September 19, 2000, the Florida Fifth District Court of Appeal *per curiam* affirmed, and mandate was issued on October 6, 2000. *Perez v. State*, 770 So. 2d 694 (Fla. 5th DCA 2000).

On November 22, 2000, counsel for Petitioner filed a Florida Rule of Criminal Procedure 3.800(c) motion for reduction in sentence. The trial court denied the motion by order dated December 8, 2000. Petitioner did not appeal the denial.

Petitioner filed a Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief on March 1, 2003.[1] The trial court denied the motion because it was untimely filed. On January 30, 2004, the appellate court affirmed the denial without prejudice to Petitioner's right to file a petition for writ of habeas corpus in the state trial court. *Perez v. State*, 864 So. 2d 1245 (Fla. 5th DCA 2004). Mandate was issued on February 19, 2004.

Petitioner filed a state petition for writ of habeas corpus in the trial court on March 31, 2004. After conducting an evidentiary hearing, the trial court denied the petition. Petitioner filed a notice of appeal, and the appellate court *per curiam* affirmed the denial by order dated January 24, 2006. Mandate was issued on February 10, 2006.

On February 13, 2006, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (case number 3:06-cv-192-Orl-J-20MMH). By Order dated March 28, 2006, the petition was dismissed without prejudice.

*Petitioner's Habeas Corpus Petition is Untimely*

Pursuant to 28 U.S.C. § 2244:

    (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

---

[1] This is the filing date under the "mailbox rule." *See Thompson v. State*, 761 So.2d 324, 326 (Fla. 2000) ("[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if that the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date."). All further references to the filing date of pleadings by Petitioner shall be the filing date under the mailbox rule, unless otherwise noted.

      (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

      (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

      (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

In the present case, the state appellate court entered its order of affirmance on September 19, 2000. Petitioner then had ninety days, or through December 18, 2000, to petition the United States Supreme Court for writ of certiorari. *See* Sup. Ct. R. 13.[2] Thus,

---

[2]Rule 13 provides as follows:

    The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice). But if a petition for rehearing is timely filed in the lower court by any party, the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of the petition for rehearing or, if the petition for

(continued...)

3

under § 2244(d)(1)(A), the judgment of conviction became final on December 18, 2000, and Petitioner had through December 18, 2001, absent any tolling, to file a federal habeas corpus petition. *See Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002) (holding that the one-year period of limitation does not begin to run until the ninety day period for filing a petition for certiorari with the United States Supreme Court has expired). Under the mailbox rule, the instant petition was filed on May 1, 2006,[3] and must be denied as untimely.

The Court notes that Petitioner's Rule 3.800(c) motion did not toll the one-year period because a motion to mitigate sentence under Rule 3.800(c) does not operate as a vehicle for collateral review of the legality of the judgment of conviction. *See Martinez v. Crosby*, 2005 WL 3133471 (M.D. Fla. November 23, 2005); *Walkowiak v. Haines*, 272 F.3d 234, 237-38 (4th Cir. 2001) (holding that a motion for reduction of sentence required by West Virginia law to be filed within 90 days after sentencing does not constitute an application

---

[2](...continued)
rehearing is granted, the subsequent entry of judgment.

Sup. Ct. R. 13(3).

[3]The petition filed with this Court contains the following certification: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on May 1st, 2006." (Doc. No. 1 at 16.) Therefore, under the mailbox rule, the instant petition was not filed until May 1, 2006. *See Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (*pro se* prisoner's § 2255 motion is deemed filed the date that it is delivered to prison authorities for mailing).

for collateral review within the meaning of 28 U.S.C. § 2244(d)(2)).[4] Furthermore, since the one-year period concluded before Petitioner initiated his Rule 3.850 motion and his state habeas corpus petition, the tolling provision of § 2244(d)(2) does not apply to either of those proceedings.[5] *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."), *cert. denied*, 531 U.S. 991 (2000).

Petitioner argues that the one-year period is subject to equitable tolling. According to Petitioner, during a recess at a hearing on March 31, 2000, his trial counsel told him that "if he took the 25 year deal today . . . she would file whatever post-conviction motion or motions that was [sic] necessary for [Petitioner] to get the 20 year plea deal . . . ." (Doc. No. 1 at 9.) He also alleges that after the state appellate court affirmed his conviction he wrote to counsel about the post-conviction motions that she had promised to file. *Id*. In November of 2002, Petitioner finally realized that he was going to have pursue post-conviction relief himself. *Id*. at 9-10. He then filed his Rule 3.850 motion on March 1, 2003.

---

[4]Even if a Rule 3.800(c) motion were capable of tolling the one-year period, the instant petition was still untimely. The Rule 3.800(c) motion was denied on December 8, 2000, prior to when the one year began to run on December 18, 2000.

[5]Furthermore, the Rule 3.850 motion would not have tolled the time period because the state court specifically found that the motion was untimely. *Pace v. DiGuglielmo*, 125 S.Ct. 1807, 1809 (2005) (determining that an untimely state postconviction proceeding is not "properly filed" within the meaning of § 2244(d)(2)); *see Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (the state court's holding that petitioner's motion for postconviction relief was time-barred is "due deference"), *cert. denied*, 531 U.S. 991 (2000).

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 125 S.Ct. 1807, 1814 (2005). Moreover, Petitioner has the burden of showing extraordinary circumstances, and this Court must "take seriously Congress's desire to accelerate the federal habeas process, and will only authorize extensions when this high hurdle is surmounted." *Calderon v. United States District Court*, 128 F.3d 1283, 1289 (9th Cir. 1997), *vacated on other grounds*, 163 F. 3d 530 (9th Cir. 1998).

Petitioner's allegations simply do not satisfy either element of the equitable tolling analysis. First, Petitioner has not demonstrated diligence in pursuing his rights. Specifically, he waited over two years after his appeal was denied before deciding to pursue post-conviction relief.[6] After determining to pursue such relief, it then took him four months to actually file a post-conviction motion. Furthermore, Petitioner has not show extraordinary circumstances. *See Steed v. Head*, 219 F.3d 1298 (11th Cir. 2000) ("Mere

---

[6]The Court notes that Petitioner only alleges one specific promise by counsel to pursue post-conviction relief - a promise allegedly made at the March 31, 2000, hearing. Counsel indeed did file a Rule 3.800(c) motion after the conclusion of Petitioner's appeal. Although Petitioner asserts that he wrote counsel after his appeal was decided and inquired regarding post-conviction motions (Doc. No. 1 at 9-10), he does not allege that counsel responded to the correspondence or gave any indication that she would be filing a Rule 3.850 motion. In fact, after conducting an evidentiary hearing, the state trial court specifically concluded that defense counsel was "not asked, and did not promise, to file a motion for postconviction relief." (Doc. No. 1, Exhibit C at 9.) Therefore, this is not a case of Petitioner relying on repeated promises of counsel to file a post-conviction motion. Petitioner clearly could have pursued post-conviction remedies during the one-year period.

attorney negligence does not justify equitable tolling. "). Therefore, equitable tolling does not apply, and this case must be dismissed as untimely.

Any of Petitioner's allegations that attempt to excuse his failure to file the instant petition within the one-year period of limitation and that are not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1. This case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

**DONE AND ORDERED** at Orlando, Florida, this __11th__ day of September, 2006.

*[Signature]*

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies to:
sa 9/11
Melvin Perez
Counsel of Record